Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 2806 | **DATE** | 9/27/2004 |
| **CASE TITLE** | USA vs. Jimenez Landscaping Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Order. This Court sua sponte strikes the entire Answer, but with leave granted to file a self-contained Amended Answer and Ads in this Court's chambers on or before October 12, 2004.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | SEP 29 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 9/28/2004 date mailed notice | |
| SN | courtroom deputy's initials | | SN mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION

UNITED STATES OF AMERICA,         )
                                  )
                    Plaintiff,    )
                                  )
     v.                           )    No.  04 C 2806
                                  )
JIMENEZ LANDSCAPING CORPORATION,  )
et al.,                           )
                                  )
                    Defendants.   )
```

MEMORANDUM ORDER

Jimenez Landscaping Corporation, Pedro Jimenez and Pedro Jimenez, Jr. have just filed their collective Answer and Affirmative Defenses ("ADs") to the Complaint brought against them by the United States under the auspices of the Clean Water Act. Because more than two-thirds of the paragraphs in that responsive pleading (apart from the ADs, of which more later) violate some fundamental principles of federal pleading, this Court sua sponte strikes the entire response--but with leave being granted to file a self-contained Amended Answer and ADs in this Court's chambers (with a copy to be delivered contemporaneously to government counsel) on or before October 12, 2004. Here in brief are the flawed provisions:

   1. Answer ¶¶1, 12-14, 18, 19, 24-27, 29, 31 and 32
   must be redone--see App. ¶2 to <u>State Farm Mut. Auto. Ins.
   Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001).[1]

---

[1] That return to the drawing board should eliminate this wholly uninformative assertions in each of the same paragraphs:

2. Answer ¶¶2 through 11 must also be recast--see App. ¶3 to State Farm.

As for the ADs, for the most part this Court will await any challenge that the United States may choose to advance. But certain of the ADs do call for comment at this time:

1. It is inappropriate to state as a claimed AD the equivalent of a Fed. R. Civ. P. 12(b)(6) motion, as ADs 1 and 6 seek to do. If defendants wish to challenge the legal sufficiency of the Complaint, they must do so--and must do so promptly--by an appropriate motion.

2. Because AD 3 asserts a purported subject matter jurisdictional defect, it must of course be addressed at the outset of the case. That contention too should be advanced by a promptly filed motion, coupled with a supporting memorandum.

3. ADs 7 and 8 do not suffice even under the generous notice pleading principles that are operative in the federal courts. Instead of such conclusory statements, if defendants want to assert any such defenses they must flesh them out so that government counsel and this Court may see and evaluate what is being asserted.

4. Defendants' "reservation of rights" simply does not

---

To the extent this same paragraph makes any factual allegations, Jimenez denies same.

2

belong in their responsive pleading. If, as and when any other matters may come to defendants' attention that suggest the need for an amendment to their response, that can be asserted by a motion for leave to file at that time, and this Court will then evaluate the claim.

Finally, defense counsel are ordered to comply with App. ¶5 to <u>State Farm</u>. In accordance with the directive there, a copy of their letter of transmittal to defendants should be provided to this Court contemporaneously with the self-contained amended pleading.

／s／ Milton I. Shadur
Milton I. Shadur
Senior United States District Judge

Date: September 27, 2004